UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A POLETTI, <br> Plaintiff, <br> v. <br> SHAWN HATTON, <br> Defendant. | Case No. 17-cv-01936-JSC <br><br> **ORDER TO SHOW CAUSE** <br> Re: Dkt. No. 1 |

Petitioner Anthony A. Poletti, a prisoner of the State of California, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition arises out of his December 2013 conviction in Santa Cruz County Superior Court for two forcible sexual offenses against his stepdaughter and subsequent sentence to a total of 18 years and 8 months in prison. These convictions resulted after Petitioner's initial convictions were reversed following his first trial.

The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue the order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal of a petition is appropriate only where the petition's allegations are vague, conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner raises several claims challenging the constitutionality of his conviction in state court. First, that his rights to a fair trial, due process of law, and a reliable verdict, guaranteed him by the

Fifth, Sixth, and Fourteenth Amendments, were violated by a pattern of egregious prosecutorial misconduct involving the district attorney repeatedly disrespecting the judge in front of the jury and flouting the court's *in limine* motions, thereby allowing the jury to hear unfair, prejudicial evidence about Petitioner's first trial and creating the illusion that the trial court sided with the defense to deny the prosecution a fair chance to present its best case. Second, that Petitioner's same rights were violated by the state's suppression of favorable, material evidence—namely, that in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecutor failed to disclose to Petitioner that the complaining witness had changed her story about one of the rape incidents before she testified at trial. Third, that the trial judge erroneously excluded evidence that Petitioner had been acquitted of two uncharged rape offenses, testimony regarding which was introduced by the prosecution in its case-in-chief. Fourth, that the cumulative effect of the above errors denied Petitioner the right to a fair trial in violation of the Fourteenth Amendment.

These claims, when liberally construed and considered in connection with the Petition's factual recitation, are sufficient to avoid summary dismissal and require an answer.

Accordingly, the Court orders as follows:

1. The Clerk shall serve respondent and the respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Respondent shall file with the court and serve on Petitioner, within 60 days of service of the petition and this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not issue. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and

serve on Respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply within 14 days of the date any opposition is filed.

4. The Clerk shall send a notice to Petitioner and Respondent regarding consenting to the jurisdiction of a magistrate judge.

**IT IS SO ORDERED.**

Dated: April 10, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge